**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff*,
Gregory Montegna

Kazerouni Law Group, APC

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GREGORY MONTEGNA, Individually and On Behalf of All Others Similarly Situated**, <br><br> Plaintiff, <br><br> vs. <br><br> **VEMMA NUTRITION COMPANY**, <br><br> Defendant. | **Case No.:** '13CV2731 MMARBB <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR:** <br> 1. **VIOLATIONS OF CALIFORNIA CIVIL CODE §§ 1747 *et seq.*;** <br> 2. **VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200 *et seq.*; AND,** <br> 3. **VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17600 *et seq.*** <br><br> **JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

**INTRODUCTION**

1. This is a California statewide class action complaint brought by GREGORY MONTEGNA ("Mr. Montegna" or "Plaintiff"), individually and on behalf of all others similarly situated, to challenge the actions of VEMMA NUTRITION COMPANY ("Vemma" or "Defendant") with regard to Defendant's fraudulent, deceitful and unfair business practices regarding the sale of its consumable products to Plaintiff and others similarly situated during the four years leading up to the filing of this action.

2. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of the named Defendant.

**NATURE OF ACTION**

3. Plaintiff is informed and believes, and thereupon alleges, that Vemma is a company that is in this business of selling consumable liquids within the class of beverages known in the beverage industry as "energy drinks," including Verve Energy Drink.

4. Vemma advertises and sells energy drinks and similar products called "Verve" directly via its own website, including Verve Energy Drink, Bold Energy, Partea, Zero Sugar and Energy Shot ("Verve Product").

5. Vemma reportedly reached $20 million in sales in the month of July 2013. *See* http://www.prnewswire.com/news-releases/vemma-doubles-sales-in-12-months-218732251.html ("Vemma Nutrition Company announced that sales reached $20 million per month in July, a first-ever record for the company. After taking seven years to reach the $10 million monthly sales mark in July 2012, Vemma has now doubled that to $20 million a month just 12 months later. In addition, Vemma monthly customer and Brand Partner enrollments

Kazerouni Law Group, APC

reached the 30,000 mark for the first time in July. This growth continues to be driven by the $100 million Verve healthy energy drink brand, including the release of Verve Bold this past January, which sparked record-breaking sales and became the most successful product launch in the company's history, selling over four million cans in the first five months."), accessed November 5, 2013.

6. As part of Vemma's business practice, once a consumer purchases its Verve Product via Vemma's online website, Vemma knowingly or negligently, and without prior disclosure, charges consumers for additional Verve Product that they did not purchase or agree to purchase.

7. The Federal Trade Commission has received numerous complaints about Vemma, which include complaints of unauthorized credit card charges, according to www.Truthinadvertising.com, published July 9, 2013. *See* https://www.truthinadvertising.org/eight-things-you-should-know-about-vemma/, accessed November 5, 2013.

8. Defendant's conduct as alleged herein violates several California State laws.

9. This action seeks, among other things, equitable and injunctive relief; restitution of all amounts illegally retained by Defendant; and disgorgement of all ill-gotten profits from Defendant's wrongdoing alleged herein.

### JURISDICTION AND VENUE

10. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), as the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000 and is a class action in which the named Plaintiff is a citizen of a State different from Defendant.

11. This Court has personal jurisdiction over Defendant because Defendant does business in the State of California, is incorporated in the State of Arizona, has sufficient minimum contacts with California, and otherwise

Kazerouni Law Group, APC

purposely avails itself of the markets in California through the promotion, sale, and marketing of its products in this state, to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), in that Plaintiff resides within the judicial district and many of the acts and transactions giving rise to this action occurred in this district because Defendant:

(a) is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district;

(b) does substantial business in this district;

(c) is subject to personal jurisdiction in this district;

(d) the harm to Plaintiff occurred within this district; and,

(e) the product at issue was shipped to Plaintiff.

## PARTIES

13. Plaintiff is, and at all relevant times was, a natural person residing in the State of California, County of San Diego.

14. Plaintiff is informed and believes, and thereon alleges, that Defendant is incorporated under the laws of the State of Arizona with its principal place of business in Arizona, and does business within the State of California and within this judicial district.

## FACTUAL ALLEGATIONS

15. On or about January 30, 2013, an individual authorized to conduct a credit card transaction on Mr. Montegna's behalf, purchased, under the name of Salvador Valdez, twelve cans of Verve Energy Drink directly from

Kazerouni Law Group, APC

Vemma's online website for $50.04 ($38.00 for the product, and $12.04 in shipping and taxes).

16. On March 1, 2013, Mr. Montegna was once again billed $50.04 for Vemma product. Neither Plaintiff nor Mr. Valdez placed this order, nor did either individual authorize such charge on Plaintiff's credit card.

17. Shortly thereafter, Mr. Montegna emailed Defendant notifying Defendant of the unauthorized additional charges. The email was sent to Defendant via the Defendant's own email notification system built within the Defendant's website. As of the date of the filing of this Complaint, Vemma has yet to respond to Mr. Montegna's email regarding the unauthorized purchases.

18. Defendant, while ignoring Mr. Montegna's email, subsequently once again billed Mr. Montegna $50.04 on March 30, 2013, and April 30, 2013, for Vemma product that Mr. Montegna did not purchase or agree to purchase.

19. Mr. Montegna has suffered monetary damages as a direct and proximate result of Defendant's abusive and deceptive conduct.

20. Defendant seeks to capitalize on consumers' ignorance in charging consumers for additional Verve Product that they did not agree to purchase, including Verve Energy Drink purchased by Plaintiff via Defendant's website.

### I. FIRST CAUSE OF ACTION FOR VIOLATION OF CALIFORNIA CIVIL CODE §§ 1747.60 ET SEQ.

21. Plaintiff repeats, re-alleges and incorporates herein by reference the above allegations as if set forth fully herein.

22. California Civil Code § 1747.02(e) defines a "Retailer" as follows: "every person other than a card issuer who furnished money, goods, services, or anything else of value upon presentation of a credit card by a cardholder."

23. Pursuant to California Civil Code § 1747.02(e), Vemma is a Retailer of a class of beverages called "energy drinks."

24. California Civil Code § 1747.60(a) requires Retailers to "correct any billing error made by the retailer within 60 days from the date on which an inquiry concerning a billing error was mailed."

25. As of the date of the drafting of this Complaint, Vemma has willfully or negligently ignored Mr. Montegna's requests for the billing errors described above to be corrected.

26. According to California Civil Code § 1747.60(b), "Any retailer who fails to correct a billing error made by the retailer within the period proscribed by subdivision (a) shall be liable to the cardholder in the amount by which the outstanding balance of the cardholder's account is greater than the correct balance, and any interest, finance charges, service charges, or other charges on the obligation giving rise to the billing error.

27. California Civil Code § 1747.60(c) also allows "Any cardholder who is injured by a willful violation of this section may bring an action for the recovery of damages. Judgment may be entered for three times the amount at which actual damages are assessed. The cardholder shall be entitled to recover reasonable attorney's fees and costs incurred in the action."

28. 28 U.S.C. § 1961 permits a plaintiff to recover postjudgment interest, as "Interest shall be allowed on any money judgment in a civil case recovered in a district court… Such interest shall be calculated from the date of the entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System…"

29. As a proximate result of Defendant's willful violations of California Civil Code § 1747, Plaintiff is entitled to actual and statutory damages at three times the amount at which such damages are assessed, statutory post-judgment interest, attorney's fees and costs, and such other relief as the Court determines is reasonable and appropriate.

## II. SECOND CAUSE OF ACTION FOR VIOLATION OF
## CAL. BUS. & PROF. CODE §§ 17600 ET SEQ.

30. Plaintiff repeats, re-alleges and incorporates herein by reference the above allegations as if set forth fully herein.

31. California Business and Professions Code §§ 17600 *et seq.* prohibits automatic renewal of consumer credit or debit cards without the consumer's explicit consent for ongoing shipments of a product or ongoing deliveries of services.

32. "Automatic renewal" means a plan or arrangement in which a paid subscription or purchasing agreement is automatically renewed at the end of a definite term for a subsequent term.

33. California Business and Professions Code §§ 17600 *et seq.* requires companies to clearly and conspicuously disclose the terms of the automatic renewal offer in visual proximity to the request for consent to the offer. Such terms should include information that the subscription will continue until the consumer cancels, a description of the cancelation policy, information about the recurring charges, the length of the renewal term, and the minimum purchase obligation, if any.

34. California Business and Professions Code §§ 17600, *et seq.* also requires a company to obtain a consumer's affirmative consent to the terms of the automatic renewal service and must provide a cost-effective, timely and easy to use method for canceling the automatic renewal service.

35. Defendant has engaged in deceptive practices that are in direct violation of California Business and Professions Code §§ 17600, *et seq.* by willfully or negligently failing to not only obtain Plaintiff's consent to the automatic renewal subscription services, but 1) failing to notify Plaintiff that by way of ordering Verve Energy Drink that Plaintiff was thereby subscribing to Vemma's automatic renewal services; 2) failing to provide an easy way for

Kazerouni Law Group, APC

customers to opt out of the subscription, and 3) willfully or negligently ignoring Plaintiff's request for the subscription to cease.

36. Defendant has willfully or negligently ignored Mr. Montegna's request for the automatic renewal of Verve Energy Drink to discontinue being shipped to Mr. Montegna and charged to Mr. Montegna's credit card.

37. Defendant has willfully or negligently shipped and charged Mr. Montegna for at least two additional cases of Verve Energy Drink that Mr. Montegna did not consent to purchasing. Pursuant to California Business and Professions Code § 17603, said products are therefore deemed an "unconditional gift."

38. Such conduct by Defendant was part of its business policy and/or practice to rapidly increase its profits, and therefore, Defendant was not acting in good faith.

39. As a proximate result of Defendant's willful violations of California Business and Professions Code §§ 17600, *et seq.*, including § 17535, which applies to § 17600, Plaintiff is entitled to all relief permitted under California Business and Professions Code, including but not limited to "…such orders or judgments…which may be necessary to restore any person in interest any money or property, real or personal, which may have been acquired by means of any practice in this chapter declared to be unlawful."

### III. THIRD CAUSE OF ACTION FOR VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200 ET SEQ. (California's Unfair Competition Law)

40. Plaintiff repeats, re-alleges and incorporates herein by reference the above allegations as if fully stated herein.

41. "Unfair competition" is defined in Business and Professions Code Section § 17200 as encompassing any one of the five types of business "wrongs,"

three of which are at issue here: (1) an "unlawful" business act or practice; (2) an "unfair" business act or practice; and (3) a "fraudulent" business act or practice. The definitions in § 17200 are disjunctive, meaning that each of these five "wrongs," of which Plaintiff alleges three of them, operates independently from the others.

42. Plaintiff and Defendant are both "person[s]" as defined by California Business & Professions Code § 17201. Section 17204 authorizes a private right of action on both an individual and representative basis.

### a.  "Unlawful" Prong

43. Because Defendant has violated California Civil Code § 1747.60 and California Business & Professions Code § 17600, as described below, Defendant has violated California's Unfair Competition Law, Business & Professions Code §§ 17200 *et seq.*, which provides a cause of action for an "unlawful" business act or practice perpetrated on members of the California public.

44. There were reasonably available alternatives to further Defendant's legitimate business interest, other than the conduct described herein, such as expressly and clearly indicating in its advertising and on its website that it intended to and would charge consumers for additional product after the consumers one-time purchase of Verve Product from Defendant's website prior to making such charges, or alternatively, by not charging consumers for additional Verve Product that the consumers did not purchase or agree to purchase.

45. Plaintiff and the putative class reserve the right to allege other violations of law, which constitute other unlawful business practices or acts, as such conduct is ongoing and continues to this date.

///

///

### b. "Unfair" Prong

46. Defendant's actions and representations constitute an "unfair" business act or practice under § 17200, in that Defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. Without limitation, it is an unfair business act or practice for Defendant to knowingly or negligently charge consumers for product that they did not purchase or agree to purchase.

47. Such conduct by Defendant is "unfair" because it offends established public policy and/or is immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers in that consumers are charged for product they did not purchase or agree to purchase for Defendant's economic gain, at the expense of Plaintiff and the consuming public at large.

48. At a date presently unknown to Plaintiff, but at least four years prior to the filing of this action, and as set forth above, Defendant has committed acts of unfair competition as defined by Business & Professions Code §§ 17200 et seq., by charging consumers without prior disclosure or warning for additional product that the consumers did not purchase or agree to purchase, as described herein.

49. Plaintiff and other members of the class could not reasonably have avoided the injury suffered by each of them. Plaintiff reserves the right to allege further conduct that constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

50. Defendant could have and should have furthered its legitimate business interests by expressly and clearly indicating in its advertising and on its website that it intended to and would charge consumers for additional

Kazerouni Law Group, APC

Kazerouni Law Group, APC

Verve Product after the consumers one-time purchase of verve from Defendant's website prior to making such charges, or alternatively, by not charging consumers for additional Verve Product the consumers did not purchase or agree to purchase.

### c.   "Fraudulent" Prong

51. Defendant's representations and omissions were false, misleading and/or likely to deceive the consuming public within the meaning of § 17200. Without limitation, it is a fraudulent act or business act or practice for Defendant to knowingly charge consumers for additional product that the consumers did not purchase or agree to purchase, without prior disclosure or warning of any kind that the consumers would be opted into Defendant's automatic renewal program by making a one-time purchase via Defendant's website for Verve Product.

52. Defendant's calculated decision to enroll consumers in its automatic renewal program without their knowledge or consent was for Defendant's economic gain at the expense of Plaintiff and the consuming public at large, and is the means by which Defendant is able to boast of sales as high as $20 million dollars in the month of July 2013.

53. Defendant counted on its individual customers' failure to review monthly credit card billing statements for repeat orders of Verve Product that the individual consumers did not purchase or agree to purchase.

54. Even after Plaintiff had informed Defendant in writing that that certain repeat charges for Verve Energy Drink on Plaintiff's credit card were not authorized, Defendant chose not to respond to Plaintiff or correct Defendant's misconduct.

55. Plaintiff reserves the right to allege further conduct that constitutes other fraudulent business acts or practices. Such conduct is ongoing and continues to this date.

Kazerouni Law Group, APC

56. The fraudulent, unlawful and unfair business practices of Defendant, as described above, presents a continuing threat to consumers in that they will continue to be charged for additional product that the consumers did not purchase or agree to purchase.

57. As a direct and proximate result of the aforementioned acts and representations of Defendant, Defendant received and continues to hold monies rightfully belonging to Plaintiff and other similarly situated consumers who were charged for additional product that the consumers did not purchase or agree to purchase from Defendant.

58. Thus, Defendant caused Plaintiff and other members of the Class to be charged for Verve Product the consumers did not purchase or agree to purchase during the Class Period.

59. Defendant has engaged in unlawful, unfair and fraudulent business acts or practices, entitling Plaintiff to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief. Pursuant to Business & Professions Code § 17203, as a result of each and every violation of the UCL, which are continuing, Plaintiff is entitled to restitution and injunctive relief against Defendant, as set forth in the Prayer for Relief.

60. Similarly, Cal. Bus. & Prof. Code § 17535 "authorizes injunctive relief and restitution for violations of the false advertising provision,"[1] specifically § 17200.

61. Plaintiff and members of the putative class have suffered injury in fact and have lost money or property as a result of Defendant's unfair competition, as more fully set forth herein. Plaintiff and members of the putative class have been injured because they were charged, by Defendant, for additional Verve Product the consumers did not purchase or agree to purchase.

62. Defendant, through its acts of unfair competition, has unfairly acquired

---

[1] *Freedman v. Time, Inc.,* 68 F.3d 285, 288-89 (9th Cir. 1995).

Kazerouni Law Group, APC

money from Plaintiff and members of the putative class. It is impossible for the Plaintiff to determine the exact amount of money that Defendant has obtained without a detailed review of the Defendant's books and records. Plaintiff requests that this Court restore this money to compensate Plaintiff and the putative class members and deter Defendant from continuing to violate California Business & Professions Code § 17200 *et seq.*, as discussed above.

63. Unless Defendant is enjoined from continuing to engage in the unlawful, unfair, fraudulent, untrue, and deceptive business acts and practices as described herein, consumers residing within California, will continue to be exposed to and damaged by Defendant's unfair competition.

64. Plaintiff also seeks an order requiring Defendant to undertake a public information campaign to inform members of the putative class of its prior acts or practices in violation of the law as alleged herein.

65. Plaintiff further seeks an order requiring Defendant to make full restitution of all moneys wrongfully obtained and disgorge all ill-gotten revenues and/or profits, together with interest thereupon.

66. Plaintiff also seeks attorneys' fees and costs pursuant to, *inter alia*, California Civil Code § 1021.5.

## CLASS ACTION ALLEGATIONS

67. Plaintiff repeats, re-alleges and incorporates herein by reference the above allegations as if set forth fully herein.

68. Plaintiff and the members of the Class have all suffered injury in fact as a result of the Defendant's unlawful and misleading conduct.

69. The "Class Period" means four years prior to filing of the Complaint in this action.

70. The term "Builder Pack" refers to large quantity packs containing Verve Energy Drink (48 cans), Bold Energy (48 cans), Partea (24 cans), Zero

Sugar (24 cans) and Energy Shot (24 bottles), as well as a single Vemma Success Kit, which packs are intended for retail sales and subject to Defendant's disclosed "Auto-delivery" program.

71. Plaintiff brings this lawsuit on behalf of himself and other California consumers similarly situated under Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure for violation of California Civil Code § 1747.60 *et seq.* and California Business & Professions Code § 17200 *et seq.* Subject to additional information obtained through further investigation and/or discovery, the proposed "Class" consists of:

> All persons in California who purchased Verve Product from Defendant's online website, other than a Builder Pack, who were subsequently charged for additional Verve Product without placing a subsequent order and/or consenting to subsequent charge/s, within four years prior to the filing of the Complaint in this action.

72. Excluded from the Class are Defendant and any of its officers, directors, and employees, or anyone who purchased Verve Product for the purposes of resale, such as the Builder Pack. Plaintiff reserves the right to modify or amend the Class definition before the Court determines whether certification is appropriate.

73. Plaintiff and the members of the Subclass have all suffered injury in fact as a result of the Defendant's unlawful and misleading conduct.

74. Plaintiff also brings this lawsuit on behalf of himself and the other California consumers similarly situated under Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure for violation of California Business & Professions Code § 17600 *et seq.* and § 17200 *et seq.* Subject to additional information obtained through further investigation and/or discovery, the proposed "Subclass" consists of:

> All persons in California who purchased Verve Product

Kazerouni Law Group, APC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CLASS ACTION COMPLAINT**

Kazerouni Law Group, APC

from Defendant's online website, other than a Builder Pack, who were subsequently charged for additional Verve Product without placing a subsequent order and/or consenting to subsequent charge/s, and who requested in writing that Defendant refund such charges and/or correct such billing error, which charges were not refunded within sixty days of the mailing and/or electronic submission of the written request, within four years prior to the filing of the Complaint in this action.

75. Excluded from the Subclass are Defendant and any of its officers, directors, and employees, or anyone who purchased Verve Product for the purposes of resale, such as the Builder Pack. Plaintiff reserves the right to modify or amend the Subclass definition before the Court determines whether certification is appropriate.

76. ***Ascertainability.*** The members of the Class are readily ascertainable by resort to Defendant's records and/or Defendant's agent's records regarding retail and online sales, as well as through public notice.

77. ***Numerosity***. The members of the Class and Subclass are so numerous that their individual joinder is impracticable. Plaintiff is informed and believes, and on that basis alleges, that the proposed class contains tens of thousands of members.

78. ***Existence and Predominance of Common Questions of Law and Fact***. Common questions of law and fact exist as to all members of the Class and Subclass predominate over any questions affecting only individual Class and Subclass members. All members of the Class and Subclass have been subject to the same conduct and their claims are based on the standardized practice of charging consumers for additional product they did not purchase or agree to purchase. The common legal and factual questions include, but are not limited to, the following:

    (a)    Whether Defendant disclosed that it intended to or would

---

charge consumers for additional Verve Product after the consumers purchased Verve Product via Defendant's online website;

(b) Whether Defendant charged consumers for Verve Product they did not purchase or agree to purchase after the consumers made a one-time purchase of Verve Product via Defendant's online website, other than a Builder Pack;

(c) Whether Defendant charged consumers for Verve Product that they did not purchase or agree to purchase after the consumers made a one-time purchase of Verve Product via Defendant's online website, other than a Builder Pack, and then failed to refund such charges after consumers made a written request to refund such charges or correct such billing error, within sixty days of the mailing or electronic submission of such writing;

(d) Whether Defendant's conduct is an unlawful act or practice within the meaning of California Business & Professions Code § 17200;

(e) Whether Defendant's conduct is a deceptive act or practice within the meaning of California Business & Professions Code § 17200;

(f) Whether Defendant's conduct is an unfair act or practice within the meaning of California Business & Professions Code § 17200;

(g) Whether Defendant's conduct violated California Civil Code 1747.60;

(h) Whether Defendant's conduct violated Business & Professions Code § 17600;

(i) Whether Defendant, through its conduct, received money that,

Kazerouni Law Group, APC

in equity and good conscience, belongs to Plaintiff and members of the Class and Subclass;

(j) Whether Plaintiff and proposed members of the Class and Subclass are entitled to actual and compensatory damages at three times the amount at which actual damages are assessed.

(k) Whether Plaintiff and proposed members of the Class and Subclass are entitled to equitable relief, including but not limited to restitution and/or disgorgement; and

(l) Whether Plaintiff and proposed members of the Class and Subclass are entitled to injunctive relief sought herein.

(m) Whether Plaintiff and proposed members of the Class and Subclass are entitled to punitive damages as a result of Defendant's unlawful acts and/or conduct.

(n) Whether Plaintiff and proposed members of the Class and Subclass are entitled to attorneys' fees and costs incurred in the action.

(o) Whether Plaintiff and proposed members of the Class and Subclass are entitled to post-judgment interest.

79. **_Typicality_**. Plaintiff's claims are typical of the claims of the members of the Class and Subclass in that Plaintiff is a member of the Class and Subclass Plaintiff seeks to represent. Plaintiff, like members of the proposed Class, purchased Verve Product via Defendant's online website and was subsequently charged for Verve Product that he did not purchase or agree to purchase. Also, Plaintiff, like members of the proposed Subclass, purchased Verve Product via Defendant's online website and was subsequently charged for Verve Product that he did not purchase or agree to purchase, and was not refunded those charges after requesting in writing a refund or correction of the billing error within sixty days of the mailing or

Kazerouni Law Group, APC

submission of the writing. Thus, Plaintiff is advancing the same claims and legal theories on behalf of himself and all absent members of the Class and Subclass. Defendant has no defenses unique to the Plaintiff.

80. ***Adequacy of Representation***. Plaintiff will fairly and adequately protect the interests of the members of the Class and Subclass. Plaintiff has retained counsel experienced in consumer protection law, including consumer class action lawsuits. Plaintiff has no adverse or antagonistic interest to those in the Class and Subclass, and will fairly and adequately protect the interests of the Class and Subclass. Plaintiff's attorneys are aware of no interests adverse or antagonistic to those of the Plaintiff and proposed Class and Subclass.

81. ***Superiority***. A class-action is superior to all other available means for the fair and efficient adjudication of this controversy. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and court system and the issues raised by this action. The damages or other financial detriment suffered by individual Class and Subclass members may be relatively small compared to the burden and expense that would be entailed by individual litigation of the claims against the Defendant. The injury suffered by each individual member of the proposed class is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the proposed Class to individually redress effectively the wrongs to them. Even if the members of the proposed Class and Subclass could afford such litigation, the court system could not. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the

Kazerouni Law Group, APC

case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.  Therefore, a class action is maintainable pursuant to Fed. R. Civ. P. 23(b)(3).

82. Unless a Class and Subclass is certified, Defendant will retain monies received as a result of Defendant's unlawful and deceptive conduct alleged herein. Unless a class-wide injunction is issued, Defendant will also likely continue to charge consumers for Verve Product that the consumers did not purchase or agree to purchase, and members of the Class and Subclass will continue to be misled, harmed, and denied their rights under California law.

83. Further, Defendant has acted or refused to act on grounds that are generally applicable to the class so that declaratory and injunctive relief is appropriate to the Class and Subclass as a whole, making class certification appropriate pursuant to Fed. R. Civ. P. 23(b)(2).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant, and Plaintiff, the Class and Subclass members be awarded damages from Defendant as follows:

  a. Certifying the Class and Subclass as requested herein;

  b. A temporary, preliminary and/or permanent order for injunctive relief requiring Defendant to: (i) discontinue its practice of charging consumers for Verve Product that they did not purchase or agree to purchase; and (ii) undertake an immediate public information campaign to inform members of the proposed class as to their prior practices;

  c. An order requiring imposition of a constructive trust and and/or disgorgement of Defendant's ill-gotten gains and to pay restitution to Plaintiff and all members of the Class and Subclass and to restore to the plaintiff and members of the class all funds acquired by means of any act

or practice declared by this court to be an unlawful, fraudulent or unfair business act or practice, in violation of laws, statutes or regulations, or constituting unfair competition;

d. Distribution of any monies recovered on behalf of members of the Class and Subclass via fluid recovery or *cy pres* recovery were necessary and as applicable, to prevent Defendant from retaining the benefits of their wrongful conduct;

e. Statutory post-judgment interest pursuant to 28 U.S.C. § 1961;

f. Special, general, and compensatory damages to Plaintiff and the Class and Subclass;

g. Exemplary and/or punitive damages for fraudulent conduct pursuant to, *inter alia*, Cal. Civ. Code § 3294;

h. Treble damages for willful violation of California Civil Code § 1747.60;

i. Costs of this suit;

j. Reasonable attorneys' fees pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5, and § 1747.60; and

k. Awarding any and all other relief that this Court deems necessary or appropriate.

Dated: November 13, 2013          **KAZEROUNI LAW GROUP, APC**

                                 BY: /S/ ABBAS KAZEROUNIAN
                                    ABBAS KAZEROUNIAN, ESQ.
                                    ATTORNEYS FOR PLAINTIF

///

///

///

///

///

**TRIAL BY JURY**

84. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: November 13, 2013          **KAZEROUNI LAW GROUP, APC**

BY: /S/ ABBAS KAZEROUNIAN
                    ABBAS KAZEROUNIAN, ESQ.
                    ATTORNEYS FOR PLAINTIFF

Kazerouni Law Group, APC